IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD L. BRICKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPT. GEORGE A. KUZILLA, | ) | |
| Pennsylvania State Police Troop D; JOHN | ) | |
| S. SHAFFER, Executive Deputy Secretary; | ) | |
| JUDITH VIGLIONE, Director; DR. | ) | |
| JEFFREY A. BEARD, Secretary; | ) | Civil Action No. 08-1053 |
| WILLIAM D. SPRENKLE, Executive | ) | |
| Secretary; JAMES BARNACLE, Director; | ) | Judge David S. Cercone |
| DAVID S. NOVITSKY, Deputy Director; | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL W. HORLOW, Superintendent; | ) | |
| DEPUTY MAHLEMISTER; CAPT. | ) | |
| RUSSELL WILSON, Security; LT. | ) | |
| GIDDINGS, Officer; CO. EXLEY, Guard; | ) | |
| CO. WALMSLEY, Guard; CO. WOOD, | ) | |
| Guard; Mr. APPLEGARTH, CCII; | ) | |
| WILLIAM (BILL) WOODS, Unit Manager; | ) | |
| SGT. WALKER, Official; RANDALL | ) | |
| PEEVEY, Inmate; THOMAS MILLIRON, | ) | |
| Inmate; THOMAS W. CORBETT, JR., | ) | |
| Attorney General; and ALL JOHN AND | ) | |
| JANE DOE'S, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

For the reasons stated below, it is respectfully recommended that Commonwealth

Defendants' Motion to Dismiss (Doc. No. 54) be granted with respect to Defendants Shaffer,

Viglione, Beard, Sprenkle, Barnacle, Novitsky, Horlow, Mahlemister, Wilson, Giddings, Exley,

Walmsley, Wood, Applegarth, Woods, and Walker.  It is further recommended that Commonwealth Defendants' Motion to Dismiss be denied with respect to Defendant Kuzilla.  It is further recommended that dismissal be granted, *sua sponte*, to Defendants Corbett and "All John and Jane Doe's".

## II. <u>REPORT</u>

Plaintiff Ronald L. Bricker (hereinafter: Plaintiff), an inmate incarcerated at the State Correctional Institution at Houtzdale Pennsylvania (hereinafter: SCI-Houtzdale), brings this suit *pro se* under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against several current and/or former employees of the Pennsylvania Department of Corrections (hereinafter: DOC), a Captain of the Pennsylvania State Police, The Attorney General of Pennsylvania, and two current and/or former inmates of the State Correctional Institution at Mercer, Pennsylvania (hereinafter: SCI-Mercer).[1]  Plaintiff was granted *in forma pauperis* status on September 11, 2008.  <u>See</u> Doc. No. 7.  Plaintiff alleges various violations of his rights under the United States Constitution stemming from a conflict over a locker that took place on or about February 28, 2008, while he was incarcerated at SCI-Mercer.  <u>See</u>, <u>generally</u>, Compl. (Doc. No. 8).[2]  Defendants Kuzillla, Shaffer,

_____

[1]A search of the DOC's website indicates that Defendant Peevey is still incarcerated at SCI-Mercer.  The website returned no results for Defendant Milliron.  <u>See</u> http://www.cor.state.pa.us/ (last viewed on Aug. 27, 2009).  The Record reflects that Defendant Milliron's last known address was SCI-Mercer.  <u>See</u> Def. Milliron's Waiver of Service (Doc. No. 21).  The docket does not show any change of address was filed by Defendant Milliron.

[2]Plaintiff filed a motion to amend his complaint on December 9, 2008.  <u>See</u> Doc. No. 29. This document was construed by this Court to be an amendment to Plaintiff's original complaint, which alleged new facts and named four new defendants.  In its order allowing Plaintiff's amendment, this Court instructed all defendants that they must respond to the original complaint
(continued...)

Viglione, Beard, Sprenkle, Barnacle, Novitsky, Horlow, Mahlemister, Wilson, Giddings, Exley, Walmsley, Wood, Applegarth, Woods, Walker, and Corbett (hereinafter: Commonwealth Defendants), through counsel, filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6). See (Doc. Nos 54 and 61).  Commonwealth Defendants argue that Plaintiff's complaint does not state a claim upon which relief can be granted because Plaintiff failed to exhaust the administrative remedies available to him prior to filing this law suit, as required by 42 U.S.C. § 1997e.  See Errata to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss (Doc. No. 56), at 2, 5.

    A.  Relevant Factual History

    A summary of the relevant portions of Plaintiff's recitation of facts is as follows.  On or about February 28, 2008, a new locker became available on Plaintiff's cellblock.  See Doc. No. 8 at ¶ 13.  Plaintiff asked the Corrections Officer on duty, Defendant Wood, if he could have the new locker.  Id.  Defendant Wood granted Plaintiff's request.  After Plaintiff and another inmate placed the locker inside Plaintiff's "cubit," Defendant Peevey convinced Defendant Wood that the locker was actually meant for him.  Id. at ¶ 14.  Defendant Peevey, with Defendant Wood's consent, then took possession of the locker.  Id.  Defendant Peevey later gave the disputed locker to Defendant Milliron.  Id.  After Defendant Milliron, who was working at the time of the

---

[2](...continued)
(Doc. No. 8) as well as to these amendments.  See Text Order Granting Mot. to Amend/Correct. Plaintiff was advised that he was required to provide service copies, waiver forms and Marshall 285 forms to the Court, in order for the additional defendants to be served.  Id.  However, the Docket does not reflect this Court having ever received these documents, or that the additional defendants were ever served.  As such, the defendants named in the amendment to the complaint, and the claims against them, are not addressed in this Report and Recommendation.

incident, returned to the cellblock, he was informed of the situation involving the locker by Defendant Peevey.  Id. at ¶ 15.  Defendant Milliron then confronted Plaintiff, threatening him and warning him not to remove things from Defendant Milliron's "cubit".[3]  Id.

A day later, on February 29, 2008, at about 9:30 pm, Plaintiff was drinking a cup of coffee that "tasted bad," and made him ill for a week.  Id. at ¶ 16.  The following morning, Plaintiff was informed by "inmate Ford" that Defendant Peevey had put a chemical in Plaintiff's coffee, and that Defendant Milliron was involved with the commission of that act as well.  Id.

Plaintiff states in his complaint that, on March 1, 2008, at around 9:30 am, he informed the Corrections Officer on duty, Defendant Exley, of the chemical in his coffee, and that Defendant Exley began an investigation.  Id. at ¶ 18.  The following day, March 2, 2008, Defendant Peevey was removed from Plaintiff's cellblock, but Defendant Milliron was allowed to remain.  Id.  Plaintiff alleges that Defendant Milliron was allowed to stay in order to cause him "more trouble."  Id.

Plaintiff states that he filed a criminal complaint with respect to the incident, which was turned over to Defendant Kuzilla, who is a Captain in the Pennsylvania State Police.  Id. at ¶ 19.  Plaintiff accuses Defendant Kuzilla of unlawfully turning his investigation over to the DOC "Office of Professional Responsibility" and, in the process, of violating Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution.  See id. at ¶¶ 19-20.

---

[3]It is unclear from the complaint what, if anything, was removed from Defendant Milliron's "cubit".  For the sake of coherence, this Court interprets the statements made in Paragraph 15 of the complaint, Doc. No. 8, to mean that the Plaintiff had initially removed the new locker from Defendant Milliron's possession.  However, the reason for and context behind Defendant Milliron's dispute with Plaintiff, and the alleged threat and assault that followed, are ultimately irrelevant to this Court's decision with respect to the Commonwealth Defendants' motion to dismiss.

On July 29, 2008, Plaintiff first attempted to file this lawsuit *in forma pauperis* (hereinafter: IFP).  IFP status was initially denied by this Court because Plaintiff's filing did not include the necessary affidavit and certified statement regarding his prisoner trust account in order to comply with the Prisoner Litigation Reform Act of 1996 (hereinafter: PLRA).  See 28 U.S.C. § 1915(a)(1)-(2); see also Order Denying Mot. to Proceed IFP (Doc. No. 2).  Plaintiff submitted the necessary documentation, and this suit commenced on September 11, 2008.  See Doc. No. 8.  Commonwealth Defendants filed this motion to dismiss, along with a brief supporting the motion and errata to said brief, on January 9, 2009.  See Doc. Nos. 54-56.  Errata to the motion were filed on January 22, 2009.  See Doc. No. 61.

 

B.  Standard of Review

When adjudicating a 12(b)(6) motion, this Court must dismiss a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This is not to say that the Supreme Court requires "heightened fact pleading of specifics . . ."  Id. at 570.  However, "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 555.  The Court has made it clear that the requirement that pleadings must be facially plausible, as expressed in Twombley, applies to all civil suits in the federal courts.  See Ashcroft v. Iqbal, 129 S.Ct. 1937 (May 18, 2009).

A court must accept as true all allegations of the complaint, and all reasonable factual inferences must be viewed in the light most favorable to the Plaintiff.  See Angelastro v. Prudential-Bache Sec, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  However, a court need not accept

inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint.
See California Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004).
Nor must a court accept legal conclusions set forth as factual allegations.  See Twombly, 550
U.S. at 555.  Furthermore, it is not proper for the court to assume that "the [plaintiff] can prove
facts which [he or she] has not alleged, or that the defendants have violated the . . . laws in ways
that have not been alleged."  Associated Gen. Contractors of California, Inc. v. California State
Council of Carpenters, 459 U.S. 519, 526 (1983).

The United States Court of Appeals for the Third Circuit has recently held that, when
entertaining a motion to dismiss pursuant to Rule 12(b)(6), a district court should apply a two-
part test in order to determine whether a pleading's recitation of facts is sufficient to survive the
motion.  See Fowler v. UPMC Shadyside, No. 07-4285, --- F.3d ----, 2009 WL 2501662 (3d Cir.
Aug. 18, 2009).  " First, the factual and legal elements of a claim should be separated.  The
District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any
legal conclusions."  Id. at *5 (citing Iqbal, 129 S.Ct. 1949).  "Second, a District Court must then
determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a
"'plausible claim for relief.'"  Fowler, 2009 WL 2501662, at *5 (quoting Iqbal, 129 S.Ct. 1950).

When ruling on a 12(b)(6) motion, a court may take into consideration information in
addition to the complaint, such as "matters of public record, orders, exhibits attached to the
complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran &
Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994).  Additionally, the United States Court of
Appeals has held that "'a defendant may submit an indisputably authentic [document] to the
court to be considered on a motion to dismiss. . .'"  Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.

2004) (quoting GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997)).

A court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney.  See Haines v. Kerner, 404 U.S. 519, 520 (1972). In a section 1983 action, the court must liberally construe a *pro se* litigant's pleadings and 'apply applicable law, irrespective of whether a *pro se* litigant has mentioned it by name.'  Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d. Cir. 1999)).  "Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution." Higgins, 293 F.3d at 688 (quoting Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).

Finally, the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  This was originally a reaction to the rule requiring heightened factual pleading in civil rights cases.  See id. (citing Darr v. Wolfe, 767 F.2d 79, 80-81 (3d Cir. 1985) (requiring district court to exercise their discretion to allow *pro se* plaintiffs to amend their claims to avoid dismissal)); see also Dist. Council 47 v. Bradley, 795 F.2d 310, 316 (3d Cir. 1986) (extending the *pro se* amendment rule to counseled complaints).  This rule remains, and has been periodically affirmed, even after the Supreme Court's 1993 decision in Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993), which abrogated the heightened pleading rule in civil rights

cases.  See Fletcher-Harlee Corp., 482 F.3d at 252 (citing Alston v. Parker, 363 F.3d 229, 235

(3d Cir. 2004)).


    C.  Analysis

    The Court will now address the arguments made by the Commonwealth Defendants in

their brief supporting their motion to dismiss.  See Doc. No. 56.  The Court will then address

Defendants Kuzilla, Corbett, and "All John and Jane Doe's," individually.


    1.  Failure to Exhaust

    Commonwealth Defendants argue that Plaintiff's claims with respect to them must be

dismissed because he failed to exhaust the administrative remedies available to him.  See Doc.

No. 56 at 5.  In support of this, Commonwealth Defendants cite to the PLRA, which provides, in

relevant part:

> [n]o action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other Federal law, by a prisoner
> confined in any jail, prison, or other correctional facility until such
> administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The Commonwealth Defendants assert that the Pennsylvania DOC has in

place adequate administrative procedures to address the grievances of inmates, and that Plaintiff

failed to exhaust his remedies under said administrative procedures.  See Doc. No. 56, at 5.  In

support of this, Commonwealth Defendants submit DC-ADM 804, entitled "Inmate Grievance

System".[4]  See Errata to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss, Ex. D (Doc. No. 56-3).  This lengthy document sets out a three-step grievance process, which Commonwealth Defendants assert "ensure[s] [that] every inmate confined in a state prison has an avenue through which prompt resolution of any problem which arises during the course of confinement may be sought."  Doc. No. 56, at 5-6.

The Commonwealth Defendants further assert that Plaintiff did not avail himself to the full extent of the DOC's established administrative grievance process before filing this lawsuit. See Doc. No. 56, at 7-9.  In support of this contention, Commonwealth Defendants present the declaration of Ms. Dorina Varner, an Administrative Officer 4 in the Grievance Review Office of the DOC.  See  Errata to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss, Ex. A (Doc. No. 56-2), at 1-4.  In her declaration, Ms. Varner describes the inmate administrative grievance process, as promulgated under DC-ADM 804, emphasizing that, in order for an inmate to exhaust his or her administrative remedies under the policy, he or she must complete an initial grievance, and two separate appeals.  Id. at 2-4; see also DC-ADM 804 ¶ VI(B)-(D).

Ms. Varner states in her declaration that, based on her review of Plaintiff's grievance record, he has filed only three grievances - two of which were not related to the issue *sub judice*. See Doc. No. 56-2, at 4.  The third, grievance number MER-228825-08, was received on May 12, 2008, and denied in the first instance on the same day.  Id.  Ms. Varner states that this determination was never appealed and, as such, Plaintiff has failed to exhaust his administrative remedies under DC-ADM 804.  Id.  Furthermore, under the Inmate Grievance Policy, the time

---

[4]DC-ADM 804 is also available at http://www.cor.state.pa.us/standards/lib/standards/DC-ADM_804_Inmate_Grievances.pdf (last viewed Aug. 28, 2009).

period in which Plaintiff may have appealed the denial of grievance MER-228825-08 has lapsed, and as such, "Plaintiff will be unable to rectify his lack of exhaustion." Id. In order to support Ms. Varner's statements, the Commonwealth has included with its motion to dismiss a screen capture of a spread sheet showing Plaintiff's grievance record, see Errata to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss, Ex. B (Doc. No. 56-2), at 6, and a copy of grievance MER-228825-08. See Errata to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss, Ex. C (Doc. No. 56-2).

Plaintiff responds to Commonwealth Defendants' non-exhaustion argument by contending that he cannot be required to exhaust the administrative remedies provided by the DOC because "the relevant administrative procedure lacks authority to provide relief or take any action whatsoever in response to [Plaintiff's] complaint." Pl.'s Objection and or Answers to Br. in Supp. of Commonwealth Def.s' Mot. to Dismiss (Doc. No. 60), at 9. Plaintiff turns to the Supreme Court's decision in Booth v. Churner, 532 U.S. 731 (2001), in order to support his argument.[5]

In Booth, the Court addressed a situation in which an inmate sought injunctive relief and money damages in a section 1983 action against a corrections officer at a prison in Pennsylvania. See id. at 734. The inmate began the grievance process, but did not complete it prior to filing suit in district court. Id. at 734-35. The Commonwealth argued that the inmate's suit should be dismissed for failing to exhaust administrative remedies; however, the inmate countered that the

---

[5]Plaintiff also makes the unsupported argument that exhaustion of administrative remedies is not required because the Defendants violated the Constitution. See Doc. No. 60, at 4. For the Reasons stated in Part II.C.1 of this Report and Recommendation, this argument is without merit.

relevant administrative procedure at the time did not allow for money damages.  Id. at 734-35.

Therefore, the inmate argued, since the relief that he sought was unavailable to him

administratively, he was not required to proceed through administrative channels prior to filing

suit in federal court.  Id. at 735.  The Court was unpersuaded by the inmate's argument, holding

that exhaustion under the PLRA was mandatory, regardless of the form of relief offered by

administrative policy, as long as the grievance policy allowed for some action to be taken.  Id. at

741.  As the Court recognized: "one 'exhausts' processes, not forms of relief, and the statute

provides that one must."  Id. at 739.

          With respect to the case *sub judice*, DC-ADM 804 appears, on its face, to afford inmates

some form of relief.  For example, the stated policy of DC-ADM 804 is to provide "a formal

procedure through which resolution of problems or other issues of concern arising during the

course of confinement may be sought."  DC-ADM 804 ¶ V.  Additionally, the language of the

policy provides for extended investigations to be made by the adjudicating officer at the first

stage of review.  DC-ADM 804 ¶ VI(B)(8).  Unit Managers and Officers-in-Charge are also

specifically instructed to address inmate concerns.  DC-ADM 804 ¶ VI(A)(3).  Furthermore, the

United States Court of Appeals for the Third Circuit has reviewed a multitude of cases involving

DC-ADM 804 in light of the standard set forth by the Supreme Court in Booth, and has found the

procedures set forth in the policy to be sufficient to require exhaustion.  See, e.g., Spruill, 373

F.3d 232 (3d Cir. 2004).  As such, this Court recognizes that, in order for Plaintiff's Section 1983

suit to proceed under the PLRA, he must first have exhausted the applicable administrative

remedies under DC-ADM 804.  See 42. U.S.C. 1997(e)(a).  Given that Plaintiff has clearly failed

to do so, and that he is now time-barred from rectifying his mistake, it appears to this Court that

Plaintiff, as a matter of law, cannot prevail in his suit against the DOC Defendants. Furthermore, any opportunity afforded to Plaintiff to amend his complaint would be futile.[6] Thus, this Court recommends the dismissal from this suit of Defendants Shaffer, Viglione, Beard, Sprenkle, Barnacle, Novitsky, Horlow, Mahlemister, Wilson, Giddings, Exley, Walmsley, Wood, Applegarth, Woods, and Walker, all of whom are or were employed by the DOC.

However, it must be noted that Defendants Kuzilla and Corbett, who are properly characterized as "Commonwealth Defendants" are not DOC employees. As such, Plaintiff's failure to exhaust DOC administrative remedies would, at least arguably, not apply to them. Thus, Commonwealth Defendants' failure to exhaust argument would not necessarily warrant dismissal for them in this case. For this reason, this Court addresses the claims against them, along with the claims made against Defendants "John and Jane Doe's" independently of those made against the employees of the DOC.

### 2. Defendant Kuzilla

While Commonwealth Defendants' argument of Plaintiff's failure to exhaust is persuasive with respect to all Defendant who are employees of the DOC and were alleged to have violated Plaintiff's federal rights only in the facts as set out in the original complaint, Doc. No. 8, this Court finds this defense, as it has been made, to be inapplicable to Defendant Kuzilla. Defendant Kuzilla is not an employee of the DOC, and no evidence has been presented that the

---

[6]The invocation of 42. U.S.C. 1997(e)(a) has been recognized by the Court of Appeals for the Third Circuit as an affirmative defense. See Spruill, 372 F.3d 223 n.2. Given that this Court accepts this affirmative defense with respect to the DOC Defendants, it is unnecessary to examine, under the standard promulgated in Fowler, whether Plaintiff's factual pleadings against said defendants are sufficient.

grievance procedure under DC-ADM 804 would bind him in any way, causing any non-exhaustion argument based on the DOC's administrative procedures to fail, even under the extremely deferential standard set out in <u>Booth</u>.  532 U.S. 739.   Plaintiff also makes factual allegations regarding Defendant Kuzilla that differ from those made against the DOC Defendants.  <u>See</u> Doc. No 8 at ¶¶ 20, 23, 24, 28.  As such, this Court recommends that Commonwealth Defendants' motion to dismiss not be granted with respect to Defendant Kuzilla.[7]


### 3.  <u>Defendant Corbett</u>

Like Defendant Kuzilla, Defendant Corbett is not an employee of the DOC, and no evidence has been presented that any grievance filed pursuant to DC-ADM 804 could bind him in any way.  However, unlike Defendant Kuzilla, Plaintiff has made no factual allegations against Defendant Corbett in his complaint.[8]  <u>See</u> Doc. No. 8.  Indeed, Plaintiff has failed to state any claim whatsoever against Defendant Corbett, and instead seems content only to list his name in captions and certificates of service. With respect to Defendants Corbett, Plaintiff's complaint fails to satisfy the factual pleading standards promulgated by the Court in <u>Twombly</u> and <u>Iqbal</u>. Given the fact pattern that Plaintiff alleges, this Court is at a loss to construe a situation in which Defendant Corbett could have violated any of Plaintiff's federal rights.   As such, it appears that

---

[7]This Court declines to address the sufficiency of Plaintiff's factual allegations against Defendant Kuzilla at this time.  This is appropriate, given that the Commonwealth Defendants themselves failed to address the issue in their brief.

[8]Similarly, no allegations are made against Defendant Corbett in the amendment to Plaintiff's complaint, Doc. No. 29.  However, as stated in footnote 2, <u>supra</u>, this Report and Recommendation does not address that document.

any opportunity given by this Court to Plaintiff to amend his complaint would be futile.

Commonwealth Defendants have made no argument as to why Defendant Corbett should be dismissed from this suit. However, under the PLRA, a court is permitted to dismiss claims, *sua sponte*, if its review of the complaint shows that they it is "frivolous, malicious, or fails to state a claim upon which relief may be granted. . ." 28 U.S.C. § 1915A(b)(1). Pursuant to that authority, and finding that any opportunity granted to Plaintiff to amend his complaint with respect to Defendant Corbett would be futile, this Court recommends that Defendant Corbett be dismissed from this suit *sua sponte*.

    4.  <u>Defendants "John or Jane Doe's"</u>

Finally, this Court turns to Plaintiff's claims with respect to:

> All John and Jane Doe's [*sic*] Attoney [*sic*] who works [*sic*] for any City, County, or State of Pennsylvania, and all Federal's [*sic*] Attorney's [*sic*] . . . if any one of them comes forced [*sic*] to represent any named Defendant's [*sic*] herein . . . by the used [*sic*] of money from the tax Payer [*sic*].

Doc. No. 8 at 2. This statement, made in the caption of the original complaint, appears to name any attorney, paid through public funds, who enters his or her appearance representing any of the other named defendants. No facts are alleged against these "John and Jane Doe's" in the complaint, or its amendment, because by their very nature these "John and Jane Doe's" could not exist until well after the filing of this suit in the district court. Instead, Plaintiff appears to base his complaint against these Defendants in a circular and conclusory paragraph, claiming that their actions, going forward from the time of filing of the complaint, would "be in violation of the U.S. Constitution on the

grounds that they will also be violating the laws of both Constitution [*sic*]. . ."  Doc. No. 8 at ¶ 41.

Making all inferences regarding the naming of Defendants "All John and Jane Doe's" in the best possible light to the Plaintiff, it is clear to this Court that Plaintiff has not alleged any personal involvement in the deprivation of any federal rights by these defendants.[9]  The references that Plaintiff makes to Defendants "All John and Jane Does" in his complaint are completely devoid of facts, and consist only of bald legal conclusions.  As such, with respect to Defendants "All John and Jane Doe's," Plaintiff's complaint fails to satisfy the factual pleading standards promulgated by the Supreme Court in Twombly and Iqbal.  Furthermore, it seems impossible, based on the facts that Plaintiff has already related in his complaint, that Plaintiff could allege that any "John or Jane Doe" attorneys are or were involved in the alleged deprivations of his federal rights, merely because of their representation of an earlier-named defendant.  Thus, this Court recommends that Defendants "All John and Jane Doe's" be dismissed from this suit, *sua sponte*, for Plaintiff's failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

III.   **CONCLUSION**

For the reasons stated above it is respectfully recommended that Commonwealth Defendants' motion to dismiss be granted with respect to Defendants Shaffer, Viglione, Beard, Sprenkle, Barnacle, Novitsky, Horlow, Mahlemister, Wilson, Giddings, Exley, Walmsley, Wood, Applegarth, Woods, and Walker.  It is further recommended that Commonwealth Defendants' motion to dismiss be denied with respect to Defendant Kuzilla.  It is further recommended that dismissal be granted,

---

[9]Taken in the worst possible light, this appears to be nothing more than a naked attempt on the part of the Plaintiff to interfere, frivolously and maliciously, with Defendants' right to counsel.

-15-

*sua sponte*, to Defendants Corbett and "All John and Jane Doe's".

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


Dated:  August 31, 2009                           By the Court:


                                                  /s/ Lisa Pupo Lenihan
                                                  LISA PUPO LENIHAN
                                                  United States Magistrate Judge


cc:      The Honorable David S. Cercone
         United States District Judge

         Ronald L. Bricker                        Thomas Milliron
         FQ-9611                                  FR-4556
         SCI-Houtzdale                            SCI Mercer
         P.O. Box 1000                            801 Butler Pike
         Houtzdale, PA 16698-1000                 Mercer, PA 16137

         Randall Peevey                           Paul R. Scholle
         GF-5136                                  Email: pscholle@attorneygeneral.gov
         SCI-Mercer
         801 Butler Pike
         Mercer, PA 16137